IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS B. DAVIS,<br><br>    Defendant. | Case No. 06-cr-40002-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Thomas B. Davis's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 95). Davis was sentenced in 2006 to be imprisoned for 235 months for conspiring to manufacture and distribute methamphetamine. His relevant conduct that formed the basis for this sentence consisted solely of methamphetamine; crack cocaine played no role in the calculation of his sentence. Davis now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 that he believes could, if retroactively applied, lower his sentencing range and, ultimately, his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. Davis satisfies neither criteria.

**I.      Lowered Guideline Range**

Davis was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Davis was sentenced in 2006 based on the base offense levels set forth in U.S.S.G. § 2D1.1(c) *for methamphetamine*, not crack cocaine. Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of *crack cocaine*. Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels are determined in cases involving crack cocaine in combination with other controlled substances. There has been no corresponding reduction for offense levels associated only with methamphetamine. Thus, Davis's sentencing range has not been lowered following his sentence, and he does not satisfy the first criterion under 18 U.S.C. § 3582(c)(2).

**II.     Consistency with Policy Statement**

As for the second criterion, the Sentencing Commission's policy statement governing sentence reductions following guideline amendments is contained in U.S.S.G. § 1B1.10. That section provides that the guideline range reduction contained in Amendments 706, 711 and 715 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences involving crack cocaine with certain limitations. U.S.S.G. § 1B1.10(a)(1) & (c). Thus, the Court now has discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentences of some defendants sentenced for offenses involving crack cocaine.

However, U.S.S.G. § 1B1.10 does not authorize a sentence reduction where a defendant's sentencing range has not been lowered following his sentence. Since the sentencing range for methamphetamine offenses has not been lowered, granting a sentence reduction for an offense

involving only methamphetamine is not consistent with applicable policy statements issued by the Sentencing Commission.

In sum, the Court has no discretion to reduce Davis's sentence because he is not eligible for such a reduction. Accordingly, the Court **DENIES** Davis's motion to reduce sentence (Doc. 95).

**IT IS SO ORDERED.**
**DATED: July 8, 2008.**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**